UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JESSIE EBB JETER JR., § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 3:18-CV-0402 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Jessie Ebb Jeter filed a petition for a writ of habeas corpus (Dkt. 1) seeking relief from a prison disciplinary conviction. Jeter's motion for leave to proceed *in forma pauperis* (Dkt. 2) will be **granted**. After reviewing all of the pleadings as required under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the case must be **dismissed** for the reasons that follow.

**I.     BACKGROUND**

Jeter is serving a twenty-year sentence in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ") for convictions in Jackson County. TDCJ's public records reflect that his sentence is the result of convictions for drug offenses and tampering with physical evidence. *See* Offender Information Search, available at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited Dec. 7, 2018).

Jeter's petition seeks relief from a conviction in disciplinary case number 20180115431, which was entered against Jeter on January 5, 2018, while he was incarcerated at the Dominguez Unit in Bexar County (Dkt. 1, at 5). Jeter states that he was convicted of failing to obey an order. As a result of the conviction, he lost forty-five days of commissary privileges, forty-five days of telephone privileges, thirty days of "contact visit" privileges, and was reduced in line class status from L1 to L2 (*id*.). He is eligible for mandatory supervision. Jeter unsuccessfully appealed the conviction through TDCJ's administrative grievance process (*id*. at 5-6).

Jeter's petition claims he was denied due process of law and effective assistance of counsel during his disciplinary proceedings. He also presents a claim about the merits of the disciplinary charge against him, arguing that he did not have enough time to obey the order that he was charged with failing to obey. As relief, he seeks restoration of his line class status (*id*. at 6-7).

Jeter initially filed this action in the Western District of Texas, San Antonio Division. Because Jeter was incarcerated at the time of filing at the Stringfellow Unit in Brazoria County, the Hon. Xavier Rodriguez transferred the case to this Court pursuant to 28 U.S.C. § 2241(d) (Dkt. 3)

## II. PRISON DISCIPLINARY PROCEEDINGS

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary

action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good time credit).

Jeter cannot demonstrate a due process violation in this case because he did not lose any previously earned good-time credit (Dkt. 1, at 5). This is fatal to his claims. *See Malchi*, 211 F.3d at 957-58. Although his disciplinary conviction resulted in the loss of privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

In addition, Jeter's claim that he was denied effective assistance of counsel during his disciplinary hearing does not state a valid claim for habeas relief. The Fifth Circuit has held repeatedly that "there is no constitutionally protected right to counsel substitute in a disciplinary proceeding." *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009);

*see Choyce v. Cockrell*, 51 F. App'x 483 (5th Cir. 2002) ("As a prison inmate does not have a right to either appointed or retained counsel at prison disciplinary hearings, there is no constitutional violation on which habeas relief could be granted on the basis of ineffective assistance of counsel substitute at a disciplinary hearing").

Jeter's pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

### III. <u>**CERTIFICATE OF APPEALABILITY**</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show

not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. 2) is **granted**.

2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 28th day of December, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge